# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LAURA AHAMMER,                    )
                                  )
                  Plaintiff,      )
                                  )
        v.                        )        CIVIL ACTION NO:
                                  )        1:17-CV-01556-MHC-RGV
LIFE TIME FITNESS, INC.,          )
                                  )        **JURY TRIAL DEMANDED**
                  Defendants.     )
                                  )
                                  )
                                  )
                                  )
_____  )

## DEFENDANT LIFE TIME FITNESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant Life Time Fitness, Inc.[1] ("Defendant") respectfully answers Plaintiff's Amended Complaint as follows:

## PURPORTED NATURE OF COMPLAINT

1.      Defendant admits that Plaintiff purports to bring this action pursuant to the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12102, *et seq*., the Family and Medical Leave Act of 1993 ("FMLA"), 4229 U.S.C. § 2601, *et seq*., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and that Plaintiff alleges certain discriminatory and retaliatory conduct and certain interference with her purported rights.

---

[1] Life Time Fitness, Inc. is now known as Life Time, Inc.

Defendant denies that Defendant engaged in any unlawful acts with respect to Plaintiff, denies that it violated the ADAAA, FMLA or Title VII, and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Defendant admits that Plaintiff worked for Defendant as an Assistant Sales Manager. Except as expressly admitted, the remaining allegations in Paragraph 1 are denied.

2.      Defendant admits that Plaintiff asserts claims under the ADAAA, FMLA, and Title VII, but denies that Defendant engaged in any unlawful acts with respect to Plaintiff, denies that it violated the ADAAA, FMLA or Title VII, and denies that Plaintiff is entitled to any relief whatsoever from Defendant. Except as expressly admitted, the remaining allegations in Paragraph 2 are denied.

## JURISDICTION AND VENUE

3.      Defendant denies that Plaintiff has met all the jurisdictional prerequisites to the filing of an action under Title VII and/or the ADAAA with respect to some of her claims. Defendant denies that this Court has jurisdiction over the subject matter of Plaintiff's Title VII and/or ADAAA claims for which those prerequisites have not been met. Defendant denies that Plaintiff states a claim as to her purported causes of action, denies the allegations made by Plaintiff, denies any wrongdoing, and denies all remaining allegations contained in Paragraph 3.

4.     Defendant denies that any violation of Plaintiff's rights occurred. Defendant admits that, to the extent this Court has subject matter jurisdiction, venue is proper in this Court.  Except as expressly admitted, the remaining allegations in Paragraph 4 are denied.

## PARTIES

5.     Defendant lacks sufficient information to admit or deny the residency of Plaintiff, and thus denies the same.  Defendant admits that Plaintiff was employed by Defendant as a Member Engagement Advisor, and then as an Assistant Sales Manager.  Except as expressly admitted, the remaining allegations in Paragraph 5 are denied.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

## ADMINISTRATIVE PROCEEDINGS

13.     Defendant denies that it engaged in any conduct with respect to Plaintiff that properly supported any charge of discrimination.  Defendant admits

that Plaintiff filed two EEOC Charges within 180 days of acts Plaintiff claimed violated Title VII, the ADAAA and the Age Discrimination in Employment Act of 1967. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13, and thus denies the same.

14.     Defendant admits that it entered into three successive tolling agreements with Plaintiff to extend the right to sue period for all claims arising from her first EEOC Charge to May 1, 2017, the day on which Plaintiff filed her Complaint. Except as expressly admitted, the remaining allegations in Paragraph 14 are denied.

15.     Defendant admits that Plaintiff received a Notice of Right to Sue from the EEOC as to her second EEOC charge within the last ninety (90) days. Except as expressly admitted, the remaining allegations in Paragraph 15 are denied.

16.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16, and therefore, the allegations in Paragraph 16 are denied.

## FACTS

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Defendant admits that Plaintiff was offered a job as a Membership Engagement Advisor ("MEA") in its Vestavia Hills, Alabama club. Except as expressly admitted, the remaining allegations in Paragraph 20 are denied.

21.    Defendant admits that Plaintiff became employed with Defendant as an MEA on September 3, 2014.  Except as expressly admitted, the remaining allegations in Paragraph 21 are denied.

22.    Denied.

23.    Defendant admits that MEAs and Account Managers shared some of the responsibilities of the ASM position when no ASM was on duty.  Except as expressly admitted, the remaining allegations in Paragraph 23 are denied.

24.    Defendant admits that from time to time Plaintiff was ranked highly on the "Complete Player" list as an individual contributor.  Except as expressly admitted, the remaining allegations in Paragraph 24 are denied.

25.    Defendant admits that Plaintiff applied for an open position of Assistant Sales Manager ("ASM") in or around April 2015.  Except as expressly admitted, the remaining allegations in Paragraph 25 are denied.

26.    Defendant admits that Jeremy Jackson was selected for the ASM position.  Except as expressly admitted, the remaining allegations in Paragraph 26 are denied.

27.    Denied.

28.    Defendant admits that Plaintiff voiced her disappointment to Tyler Glenn about not being selected for the position.  Except as expressly admitted, the remaining allegations in Paragraph 28 are denied.

29.   Defendant admits that Plaintiff was given a verbal warning for poor performance, violation of Company policy, and failure to follow instructions on or about April 27, 2015.  Except as expressly admitted, the remaining allegations in Paragraph 29 are denied.

30.   Defendant admits that on or about July 16, 2015, Plaintiff was promoted to a position called Corporate Account Lead ("CAL") that was created for her, which included an additional $500 per month stipend.  Except as expressly admitted, the remaining allegations in Paragraph 30 are denied.

31.   Defendant admits that Plaintiff provided medical documentation indicating that she had "adhesive abdominal disease."  Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 31, and therefore, except as expressly admitted, the remaining allegations in Paragraph 31 are denied.

32.   Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 32, and therefore denies same.

33.   Denied.

34.   Defendant admits that in early July prior to her promotion to CAL, Plaintiff informed Mr. Glenn and Timothy King that she wanted to sit on an exercise ball at work because that would be more comfortable for her, and that Plaintiff asked for changes in her work schedule to help her get optimal rest.  In

further response, Defendant states that Mr. Glenn and Mr. King referred Plaintiff on several occasions to Defendant's Leave Administrator Tracy Clark (formerly Tracy Walstrom) for assistance with her requests. Except as expressly admitted, the remaining allegations in Paragraph 34 are denied.

35. Denied.

36. Admitted.

37. Denied.

38. Defendant admits that on or about August 29, 2015, Mr. Glenn and Mr. King met with Plaintiff to explain that due to Company-wide budget cuts directly affecting the positions of several employees at the Vestavia Hills Club, they could no longer pay her the additional $500 per month stipend. Except as expressly admitted, the remaining allegations in Paragraph 38 are denied.

39. Defendant admits that on August 27, 2015, Plaintiff provided Ms. Clark with a signed Physician's Reasonable Accommodation for Work form, at which time Defendant allowed Plaintiff to use an exercise ball at work for seating. Except as expressly admitted, the remaining allegations in Paragraph 39 are denied.

40. Defendant admits that on September 11, 2015, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination on the basis of sex, age

and disability, and retaliation. Except as expressly admitted, the remaining allegations in Paragraph 40 are denied.

41.     Admitted.

42.     Defendant admits that Plaintiff was looking for an opportunity to transfer back to the Atlanta area, and that Andrew Brook and Nick Whitehead called Plaintiff to see if she was interested in transferring to the Sandy Springs, Georgia Club.   Except as expressly admitted, the remaining allegations in Paragraph 42 are denied.

43.     Defendant admits that in November 2015, Plaintiff requested and was granted a transfer to the Sandy Springs, Georgia Club.   Except as expressly admitted, the remaining allegations in Paragraph 43 are denied.

44.     Defendant admits that in or about February 2016, Plaintiff asked Pat Fricano whether she should apply for the Business Development Manager position, and Mr. Fricano indicated that she should if she was interested.   Except as expressly admitted, the remaining allegations in Paragraph 44 are denied.

45.     Defendant admits that Mr. Whitehead suggested that Plaintiff apply for an ASM position because it would make her a better candidate for the next step of her career, whatever that might be.  Except as expressly admitted, the remaining allegations in Paragraph 45 are denied.

46.     Defendant admits that on or about April 7, 2016, Defendant informed the candidates for the BDM position that the position would be filled by Mr. Glenn.  Except as expressly admitted, the remaining allegations in Paragraph 46 are denied.

47.     Denied.

48.     Defendant admits that after the announcement about the BDM position, Mr. Fricano told Plaintiff she was being considered for a "pilot program" for an in-Club corporate "captain" or leader.  Except as expressly admitted, the remaining allegations in Paragraph 48 are denied.

49.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 49, and therefore denies same.

50.     Defendant admits that Plaintiff was on FMLA leave from April 25, 2016 to June 14, 2016.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 50, and therefore, except as expressly admitted, the remaining allegations in Paragraph 50 are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Defendant admits that on September 7, 2016, Plaintiff filed a second charge of discrimination with the EEOC alleging discrimination on the basis of sex and age, and retaliation.  Except as expressly admitted, the remaining allegations in Paragraph 57 are denied.

58.     Defendant admits that on or about September 25, 2016, Plaintiff suffered a medical episode at work, and that she was taken to the hospital by ambulance.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 58 and therefore denies the same.

59.     Defendant admits that Plaintiff requested and was granted FMLA leave associated with the incident from September 26, 2016 to November 27, 2016. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 59 and therefore denies the same.

60.     Denied.

61.     Admitted.

62.     Denied.

63.     Defendant admits that Plaintiff requested and was granted FMLA leave from December 16, 2016 to January 2, 2017.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 63, and

therefore, except as expressly admitted, the remaining allegations in Paragraph 63 are denied.

64. Defendant admits that on or about January 17, 2017, Mary Jo Manella spoke with Plaintiff about Plaintiff leaving Defendant's employment. Except as expressly admitted, the remaining allegations in Paragraph 64 are denied.

65. Defendant admits that on or about January 17, 2017, Ms. Manella spoke with Plaintiff about Plaintiff leaving Defendant's employment, that Plaintiff became emotional, and that Ms. Manella told Plaintiff she should go home. Except as expressly admitted, the remaining allegations in Paragraph 65 are denied.

66. Admitted.

67. Denied.

## COUNT I:
## PURPORTED DISABILITY DISCRIMINATION
## IN VIOLATION OF ADAAA

68. Defendant incorporates each and every preceding paragraph by reference as if set forth fully herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74.     Denied.

75.     Denied.

76.     Denied.

## COUNT II:
## PURPORTED RETALIATION IN VIOLATION OF THE ADAA

77.     Defendant incorporates each and every preceding paragraph as if set forth fully herein.

78.     Denied.

79.     Denied.

80.     Defendant admits that Plaintiff requested reasonable accommodations, which were provided by Defendant.  Except as expressly admitted, the remaining allegations in Paragraph 80 are denied.

81.     Denied.

82.     Defendant denies that it violated the ADAAA.   The remaining allegations in Paragraph 82 are statements of law to which no response is required.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

## COUNT III:
## PURPORTED INTERFERENCE IN VIOLATION OF THE FMLA

87.     Defendant incorporates each and every preceding paragraph by reference as if set forth fully herein.

88.     Defendant admits that Plaintiff was an "eligible employee" as that term is defined under the FMLA, 29 U.S.C. § 2611(2)(A).  Except as expressly admitted, the remaining allegations in Paragraph 88 are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

## COUNT IV:
## PURPORTED RETALIATION IN VIOLATION OF THE FMLA

95.     Defendant incorporates each and every preceding paragraph by reference as if set forth fully herein.

96.     Defendant admits that Plaintiff was an "eligible employee" as that term is defined under the FMLA.  Except as expressly admitted, the remaining allegations in Paragraph 96 are denied.

97.     Denied.

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

102.  Denied.

## COUNT V:
## PURPORTED SEX AND/OR "SEX PLUS" DISCRIMINATION
## IN VOLATION OF TITLE VII

103.  Defendant incorporates each and every preceding paragraph by reference as if set forth fully herein.

104.  Admitted.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

## COUNT VI:
## PURPORTED RETALIATION IN VIOLATION OF TITLE VII

112.  Defendant incorporates each and every preceding paragraph by reference as if set forth fully herein.

113.    Defendant admits that Plaintiff engaged in statutorily protected activity by filing three EEOC charges.    Except as expressly admitted, the remaining allegations in Paragraph 113 are denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

120.    Defendant denies that Plaintiff is entitled to any relief described in the section of the Complaint titled Prayer for Relief, nor to any other relief whatsoever, and denies all allegations in the paragraph and subparagraphs listed under the heading "Prayer for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following additional defenses:

## FIRST DEFENSE

To the extent not otherwise noted, Defendant denies Plaintiff's allegations.

## SECOND DEFENSE

Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

## THIRD DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOURTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims in Plaintiff's Complaint.

## FIFTH DEFENSE

Plaintiff has not met the jurisdictional prerequisites to the filing of an action under Title VII and/or the ADAAA, as to some of her claims. Therefore, this Court does not have jurisdiction over the subject matter of Plaintiff's Title VII and/or ADAAA claims for which those prerequisites have not been met.

## SIXTH DEFENSE

Plaintiff's claims asserted in the Complaint that are other than those raised in her EEOC Charges are barred by her failure to exhaust administrative remedies.

## SEVENTH DEFENSE

Plaintiff's lawsuit is limited or barred due to her failure to exhaust administrative remedies, because her factual allegations exceed the reasonable scope and investigation of her EEOC Charges.

## EIGHTH DEFENSE

As to some of Plaintiff's claims, Plaintiff has failed to satisfy all conditions precedent to pursuing the claims.

## NINTH DEFENSE

Plaintiff was employed at will and could be discharged with or without notice and with or without cause.

## TENTH DEFENSE

All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to Plaintiff's sex, alleged disability, FMLA activity, or alleged exercise of federally-protected rights.

## ELEVENTH DEFENSE

Even assuming any unfavorable personnel action was taken against Plaintiff in which an impermissible consideration was a factor – which Defendant denies – Defendant would have taken the same action even in the absence of the impermissible consideration.

## TWELFTH DEFENSE

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff – which Defendant denies – they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## THIRTEENTH DEFENSE

Defendant avers that neither it nor any of its officers, directors, or managing agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Plaintiff's federally protected rights.

## FOURTEENTH DEFENSE

Defendant engaged in good faith efforts to comply with Title VII, ADAAA and FMLA. Moreover, the conduct complained of by Plaintiff – which Defendant denies constitutes any violation of law – was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of federal law, and therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

## FIFTEENTH DEFENSE

Defendant has in place a clear and well-disseminated policy against discrimination and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent that Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of discrimination are barred.

## SIXTEENTH DEFENSE

Without admitting that Plaintiff is a qualified individual with a disability under the ADAAA, Plaintiff is not entitled to recover compensatory or punitive damages because Defendant at all times demonstrated good faith efforts to identify and make a reasonable accommodation in accordance with the law.

## SEVENTEENTH DEFENSE

Plaintiff is not a qualified individual with a disability under the ADAAA.

## EIGHTEENTH DEFENSE

Plaintiff has no standing to initiate this action and no right to any relief under the FMLA to the extent that at any relevant time she was not suffering from a serious health condition or was not otherwise entitled to leave as provided by the FMLA.

## NINETEENTH DEFENSE

Plaintiff's claims of FMLA interference fail because Defendant did not deny Plaintiff any FMLA benefits to which she was entitled or otherwise interfere with her rights under the statute.

## TWENTIETH DEFENSE

Plaintiff's retaliation claims are barred to the extent that she cannot establish she engaged in any conduct opposing any practice made unlawful by Title VII, ADAAA or FMLA.

## TWENTY-FIRST DEFENSE

There is no causal connection between any conduct in which Plaintiff engaged that is protected under Title VII, ADAAA, or FMLA and any adverse employment action by Defendant, and there is no evidence of animus by Defendant against Plaintiff for the exercise of any right protected by Title VII, ADAAA, or FMLA.

## TWENTY-SECOND DEFENSE

Plaintiff's claims of retaliation fail as a matter of law where the decision-maker(s) with respect to an allegedly retaliatory personnel action was unaware of Plaintiff's alleged protected activity.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff complained adequately of allegedly unlawful discriminatory or retaliatory actions, Defendant undertook a prompt investigation and made appropriate remedial response.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to any award for lost back wages for any period during which she was unable to work.

## TWENTY-FIFTH DEFENSE

The injuries, damages, and conditions claimed by Plaintiff were due in whole or in part to events and/or conditions existing before or arising subsequent to the events made the basis of this lawsuit, and were not caused by any act or omissions of Defendant.

## TWENTY-SIXTH DEFENSE

Plaintiff's damages – the existence of which Defendant denies – may be reduced or offset by virtue of any recovery she has obtained or may obtain from any other source as a result of any workers' compensation claim, unemployment benefits, disability benefits, or other employment.

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to liquidated damages under the FMLA, because at all times relevant to this action, any act or omission by Defendant giving rise to

Plaintiff's claim for relief was made in good faith, and Defendant has reasonable grounds for believing that its act or omission was not a violation of the FMLA.

## TWENTY-EIGHTH DEFENSE

Any award of liquidated or punitive damages to Plaintiff would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United Stated of America.

## TWENTY-NINETH DEFENSE

Plaintiff is not entitled to a back pay award because Plaintiff suffered no economic damage.

## THIRTIETH DEFENSE

If Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant – which Defendant denies – Plaintiff has failed to mitigate her claimed damages.

## THIRTY-FIRST DEFENSE

Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of discrimination and/or retaliation was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages.

This 14th day of July, 2017.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Erika L. Leonard*
Erika L. Leonard (GA Bar No. 565965)
Ana C. Dowell (GA Bar No. 343780)
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
erika.leonard@ogletree.com
ana.dowell@ogletree.com

*Attorneys for Defendant Life Time Fitness, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LAURA AHAMMER,

                Plaintiff,

        v.

LIFE TIME FITNESS, INC.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO:
1:17-CV-01556-MHC-RGV

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2017, a copy of the foregoing **DEFENDANT LIFE TIME FITNESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.


/s/ Erika L. Leonard
Erika L. Leonard


30378834.1